UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                Plaintiff,<br><br>   v.<br><br>CLINICIANS BIXBY, BARNES, IDALEE LE, HARTT, BOGGS, BAUMGARTNER; DOCTORS BERRETT, ELIASON, AND BERRY; WARDEN CHRISTENSEN; DEPUTY WARDEN MCKAY, DR. PATCHETT, and CLINICIAN HOYLE,<br><br>                Defendants. | Case No. 1:21-cv-00008-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

Plaintiff Maximiliano Sileoni filed a Complaint in Case No. 1:20-cv-00508-BLW that violated Federal Rule of Civil Procedure 20 because it contained multiple unrelated claims. Therefore, the Court ordered the following claims severed from that action into this new case: lack of mental health treatment claims against Clinicians Bixby, Barnes, Idalee Le, Hartt, Boggs, Baumgartner; Doctors Berrett, Eliason, and Berry (Barry);Warden Christensen; and Deputy Warden McKay. Dkt. 11. Plaintiff has submitted an Amended Complaint and has added Defendants Dr. Patchett and Clinician Hoyle. Dkt. 12. The Court now reviews Plaintiff's Amended Complaint.

**SUCCESSIVE REVIEW ORDER - 1**

## STANDARDS OF LAW

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER - 2**

legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

To state a claim under the Eighth Amendment, a plaintiff must show that he is incarcerated "under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation omitted). To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).

**SUCCESSIVE REVIEW ORDER - 3**

The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.*

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). If the defendants are able to show that medical personnel have been

**SUCCESSIVE REVIEW ORDER - 4**

"consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," a plaintiff's claims may be dismissed by summary judgment prior to trial. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

Under the Eighth Amendment, "a convicted prisoner is entitled to psychological or psychiatric care for serious mental or emotional illness." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979). There is "no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart." *Id*. (internal citation omitted). The Eighth Amendment claim fails if the need is not serious, or if the defendants have not exhibited deliberate indifference in providing diagnostic services and treatment.

## ALLEGATIONS AND DISCUSSION

Plaintiff has alleged that various clinicians and doctors in the Idaho Department of Correction (IDOC) health care system have failed to provide adequate mental health treatment for his conditions. He asserts that he asked female mental health clinicians to reassign him to a male clinician because of his struggles with exhibitionism. The clinicians refused to reassign him. Both male and female clinicians failed to change his medications or give him appropriate mental health treatment, compounding his mental health condition. He alleges that the medical doctors ignored his symptoms, failed to give him medication, did not treat his medical and mental health conditions appropriately, and required him to meet with the female clinicians. The Court liberally construes

Plaintiff's Amended Complaint to state Eighth Amendment claims regarding provision of adequate mental health treatment. However, for purposes of judicial economy (because Plaintiff has other cases pending in this Court in which he has made fanciful and frivolous allegations), the Court will permit Plaintiff to proceed only in limited fashion. *See* Case Nos. 1:20-cv-00508-BLW and 1:21-cv-00010-BLW.

Plaintiff may proceed against the mental health providers and doctors, but not against nonmedical prison supervisors at this time. Should Plaintiff show that he is entitled to proceed to trial on any of his claims, the Court may permit him to proceed against nonmedical prison supervisors at a later date. Plaintiff's claims are also limited to those actions of Defendants that fall within the two-year statute of limitations.

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 11) is GRANTED.

2. Plaintiff may proceed on Eighth Amendment failure to provide adequate mental health treatment claims against Defendants Clinicians Tara Bixby, Tanya Barnes,

Idalee or Idalid Le, Kaylene Hartt, Josie Boggs, Karl Baumgartner, and Amy Hoyle; and Doctors Berrett, Eliason, Berry (Barry), and Patchett.

3. Plaintiff may not proceed against Warden Christensen and Deputy Warden McKay at this time; these Defendants may be terminated for current litigation purposes.

4. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Federal Rule of Civil Procedure 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 12), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

   a. J. Kevin West and Dylan A. Eaton, Parsons Behle, 800 W. Main Street, Suite 1300, Boise, ID 83702, on behalf of Defendants **Clinicians Idalee or Idalid Le; Kaylene Hartt; and Doctors Berrett, Eliason, Berry (Barry), and Patchett**.

   b. Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants **Clinicians Tara Bixby, Tanya**

**SUCCESSIVE REVIEW ORDER - 7**

**Barnes, Josie Boggs, Karl Baumgartner, and Amy Hoyle.**

5. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

7. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

**SUCCESSIVE REVIEW ORDER - 8**

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

**SUCCESSIVE REVIEW ORDER - 9**

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: April 23, 2021

B. Lynn Winmill
U.S. District Court Judge